UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KUDOS INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KUDOBOARD LLC, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-01876-SI<br><br>**ORDER RE AUGUST 20, 2021 DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 50, 51 |

On March 17, 2020, plaintiff Kudos Inc. filed a complaint against defendants Kudoboard LLC and Aaron Rubens. Dkt. No. 1. The complaint alleges defendants infringed on plaintiff's "KUDOS" marks and engaged in unfair competition. *Id*. at ¶ 10. On July 7, 2020, defendants filed an answer denying plaintiff's claims, asserted defendants' use of "KUDOBOARD" does not infringe on plaintiff's marks, and brought counterclaims seeking cancellation of plaintiff's "KUDOS" marks. Dkt. No. 9.

On August 20, 2021, the parties filed two discovery letters regarding depositions, interrogatories, and discovery requests. Dkt. Nos. 50, 51. After carefully considering the parties' arguments, the Court rules as follows:

**Plaintiff's Request to Reopen Deposition of Defendants' 30(b)(6) Witness**

Plaintiff requests the Court compel continuation of defendant Kudoboard's 30(b)(6) witness, Aaron Rubens, because plaintiff received relevant documents after Mr. Rubens' deposition. Dkt. No. 50 at 1. Defendants oppose continuing the deposition and argue plaintiff was not diligent in

reviewing Defendants' produced documents. *Id*. at 4.

The Court **GRANTS** plaintiff's request. Plaintiff shall have two hours to depose Aaron Rubens.

### Plaintiff's Request to Compel Defendants to Produce Responses to Plaintiff's Second Set of Discovery Requests and Interrogatories

Plaintiff requests the Court compel defendants to produce responses, without objections, to plaintiff's second set of discovery requests and interrogatories because defendants waived their objections. Dkt. No. 50 at 2. Plaintiff argues defendants' deadline to serve responses was March 19, 2021 and defendants responded on March 22, 2021. *Id.* Defendants argue plaintiff raised this issue for the first time on August 15, 2021 and, based on conversations with defendants' former counsel, defendants' responses were timely. *Id*. at 4.

The Court **DENIES** plaintiff's request to deem all objections waived. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of any objection."). Defendants produced responses after a short delay, responses were ultimately produced, and there is no evidence of bad faith. *See Lam v. City & County of San Francisco*, 10-cv-4641-PJH (LB), 2015 WL 4498747, *3 (N.D. Cal. July 23, 2015) ("In determining whether a party has shown good cause, a court should evaluate relevant factors, including: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver.")

### Plaintiff's Request to Compel Production of Defendants' Trello Account

Plaintiff requests the Court compel defendants to produce archives of defendants' Trello account. Dkt. No. 50 at 3. According to plaintiff, Trello is a website that defendants used to develop the KUDOBOARD employee recognition beta. *Id*. Defendants oppose plaintiff's request and argue defendant Kudoboard has produced documents about Kudoboard's employee recognition beta. *Id*. at 5.

The Court **GRANTS** plaintiff's request. Information about Kudoboard's employee

recognition beta is relevant to the instant action. *See Brookfield Comm., Inc. v. West Worldwide Entm't,* 174 F.3d 1038, 1053-54 (9th Cir. 2018) ("We look to the following . . . [to determine] likelihood of confusion: similarity of the conflicting designations; relatedness or proximity of the two companies' products or services; strength of [the] mark; marketing channels used; degree of care likely to be exercised by purchasers in selecting goods; West Coast's intent in selecting its mark; evidence of actual confusion; and likelihood of expansion in product lines."); *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993) ("The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products."). Accordingly, the Court **ORDERS** defendants to produce any documents related to of defendants' Trello account or confirm whether such such documents exist.

### Plaintiff's Request to Compel Production of Documents in the Possession, Custody, or Control of Kyler Deutmeyer

Plaintiff requests the Court compel defendants to produce documents and communications in Kyler Deutmeyer's possession and control. Dkt. No. 50 at 3. Mr. Deutmeyer is defendant Kudoboard's Chief Technology Officer and is responsible for Kudoboard's software development. *Id*. Defendants oppose plaintiff's request and argue Mr. Deutmeyer is not a relevant custodian in the case and plaintiff's request is overbroad. *Id*. at 5.

The Court **GRANTS** plaintiff's request. Defendants are hereby **ORDERED** to produce documents and communications in the control or possession of Mr. Deutmeyer. However, defendants are not required to produce any engineering or software codes.

### Defendants' Request to Compel Additional Deposition Testimony

Defendants request the Court compel additional deposition testimony of plaintiff's 30(b)(6) witness, Muni Boga. Dkt. No. 51 at 1. Defendants argue Mr. Boga was not adequately prepared during his deposition. *Id*. Plaintiff opposes defendants' request and argues Mr. Boga was prepared and testified for more than 6.5 hours. *Id*. at 3-4.

The Court **DENIES** defendants' request. Defendants had the opportunity to fairly examine

Mr. Boga.

**Defendants' Request to Compel Production of Representative Customer Interfaces**

Defendants request that the Court compel plaintiff to produce copies of interfaces that customers would see if customers used plaintiff's products or services. *Id*. at 2. Defendants argue plaintiff has only produced *employee* interfaces. *Id*. Plaintiff argues it has produced "representative" customer interfaces. *Id*. at 4.

The Court **GRANTS** defendants' request. Plaintiff is hereby **ORDERED** to produce copies of interfaces that customers would see if customers used plaintiff's products or services.

**Defendants' Request to Compel Production of Watch Notices**

Defendants request the Court compel production of information regarding plaintiff's watch notices, which are alerts to trademark owners of problematic marks. *Id*. at 2. Plaintiff argues it produced watch notices for the United States. *Id*. at 4-5.

The Court **DENIES** defendants' request.

**Defendants' Request to Compel Production of Competitive Analysis Documents and Communications**

Defendants request the Court compel production of plaintiff's competitive analysis documents and communications. *Id*. at 2-3. Defendants argue plaintiff produced fewer than four communications regarding a report from 2014 and 2020. *Id*. Plaintiff argues it has produced all competitive analysis documents and communications. *Id*. at 5.

The Court **DENIES** defendants' request.

**Defendants' Request to Compel Production of Privilege Log**

Defendants request the Court compel plaintiff to produce an adequate privilege log. *Id*. at 3. Plaintiff argues defendants failed to meet and confer about the parties' privilege logs. *Id*. at 5-6.

The Court hereby **ORDERS** plaintiff and defendants to meet and confer on this issue and

4

produce privilege logs by September 24, 2021.

**IT IS SO ORDERED**.

Dated: September 16, 2021

_____
SUSAN ILLSTON
United States District Judge